

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY LEE WALLEY, ) | Case No. 02 C 6296 |
| Plaintiff, ) | |
| v. ) | Honorable Charles R. Norgle |
| OFFICER ROGELIO PLACENCIA, JR., ) STAR No. 12473, ) | |
| Defendant. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant Rogelio Placencia, Jr.'s Motion for Summary Judgment. For the following reasons, that Motion is denied in part, and granted in part.

## I. INTRODUCTION

### A. Facts

Plaintiff Ricky Lee Walley ("Walley") alleges that on the evening of August 6, 2001, he, Judith Hernandez ("Hernandez"), and James Schryer ("Schryer") rode motorcycles to the Chicago lakefront to watch the sunset. At 10:45 p.m., an unidentified Chicago police officer told Walley to leave the area after the officer saw Walley relieving himself. Walley alleges that after he requested that the officer not issue any tickets, the officer grabbed Walley by the throat. Then, Walley alleges, a squad car occupied by two other officers bumped into Walley, causing him to fall to the ground. After falling to the ground, Walley alleges that one of the officers beat him with a nightstick. Walley alleges that he suffered severe and permanent injures as a result of this incident.

1

Walley and Hernandez have indicated that one of the squad cars on the scene had the number "9700" or "970_". Defendant, Chicago police officer Rogelio Placencia, Jr. ("Placencia"), admits he was assigned to patrol the lakefront that night and drove a squad car marked with the number "9708".

## B. Procedural History

Walley filed his Second Amended Complaint at Law on August 5, 2003. In Count I, Walley alleges a civil rights violation under 42 U.S.C. § 1983. In Counts II and III, Walley asserts state law claims of battery and false imprisonment. On September 23, 2005, Placencia filed his Motion for Summary Judgment. (Three other Chicago police officers have been voluntarily dismissed as Defendants.) A jury trial is set for November 1, 2005.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. FED. R. CIV. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co.,

2

391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the defendant moves for summary judgment, the court must view the record and all inferences in a light most favorable to the plaintiff. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000).

## B. Defendant's Motion for Summary Judgment

### 1. Count I - Civil Rights Violation under 42 U.S.C. § 1983

The court denies Defendant's Motion for Summary Judgment as to Count I. Placencia asserts that there is no issue of triable fact as to whether he was present during this incident, or whether he was the officer who struck Walley. During the discovery process in this case, however, it was determined that Placencia was assigned to patrol the lakefront the evening of August 6, 2001, and was assigned to car number 9708 (that number is very similar to the car number identified by Walley and Hernandez). Moreover, both Walley and Hernandez picked Placenicia out of a photo array as the officer in question.

There is therefore clearly a genuine issue of material fact as to whether Placencia was the officer who struck Walley. "On summary judgment, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from facts; these are jobs for a factfinder . . . Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (internal quotations and citations omitted).

Placencia also asserts that he is entitled to qualified immunity for his actions as a police officer during this incident. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions, generally are shielded from liability for civil damages insofar

3

as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known.'" Lanigan v. Vil. of E. Hazel Crest, 110 F.3d 467, 471 (7th Cir. 1997) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). This doctrine applies to police officers acting in the course of their official duties. See Sledd v. Linsday, 102 F.3d 282, 287 (7th Cir. 1996). However, a plaintiff may defeat a claim of qualified immunity "by showing that the force used was so plainly excessive under the circumstances that a reasonable officer would have known of the constitutional violation." Frazell v. Flanigan, 102 F.3d 877, 886 (7th Cir. 1996); Sledd, 102 F.3d at 287.

In determining whether a law enforcement official has used excessive force, a number of factual issues come into play. These factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Abdullahi v. City of Madison, 423 F.3d 763, 768 (7th Cir. 2005). In this case, the court finds that there are genuine issues of material fact as to each of the above factors. Walley alleges that he was initially stopped only for public urination. Additionally, Walley alleges that he posed no threat to anyone's safety, and was not attempting to resist arrest or flee. Walley has presented witnesses who have so testified.

At the summary judgment stage, the court must "look . . . at the evidence as a jury might, construing the record in the light most favorable to the nonmovant . . . ." Payne, 337 F.3d at 770. In so doing, the court finds that there are genuine issues of material fact as to Count I, and therefore denies Defendant's Motion for Summary Judgment as to Count I.

### 2. *Count II - Battery, and Count III - False Imprisonment*

The court finds that these state law claims are barred by the statute of limitations. 745 ILL. COMP. STAT. 10/8-101(a) provides: "No civil action . . . may be commenced in any court

4

against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Walley asserts that Placencia is being sued in his own behalf, and not as a police officer, in these counts, and that the appropriate statute of limitations therefore ought to be two years. See 735 ILL. COMP. STAT. 5/13-202. However, it is clear from the court's analysis of the Second Amended Complaint and the Plaintiff's Response to Defendant's Motion for Summary Judgment that Placencia is being sued in his official capacity as a Chicago police officer in this matter. See United States v. Christian, 342 F.3d 744, 752 (7th Cir. 2003) (noting that police officers who act in their official capacity to subdue a suspect act under color of law). Placencia was in uniform, routinely patrolling the lakefront, using a police vehicle. He was not there as an ordinary citizen watching the sunset.

This case centers around allegations of excessive use of force by a law enforcement officer, and the statute of limitations for state law claims in Illinois for such allegations is one year. See 745 ILL. COMP. STAT. 10/8-101(a). This incident took place on August 6, 2001. Walley filed his Complaint naming Placencia as a Defendant on August 5, 2003. The statute of limitations on Walley's state law Counts has therefore run.

### III. CONCLUSION

For the foregoing reasons, the court denies Defendant's Motion for Summary Judgment as to Count I, and grants Defendant's Motion for Summary Judgment as to Counts II and III. The trial date of November 1, 2005 stands.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: October 20, 2005.